Helen SANDS, Plaintiff,

v.

STARKE COUNTY BOARD OF COMMISSIONERS, Defendant.

No. S 80–314.

United States District Court, N. D. Indiana, South Bend Division.

Jan. 25, 1982.

J. Patrick Smith, LaPorte, Ind., for plaintiff.

Thomas W. Ward, Knox, Ind., for defendant.

MEMORANDUM

SHARP, Chief Judge.

Plaintiff claims that she was discharged by defendants, Board of Commissioners of

Starke County, Indiana *solely* because of her political activity in the fall of 1978 in supporting and actively campaigning for Alvin Werner, a then Democrat Commissioner who was defeated in the fall election. The plaintiff bases her claim on two Supreme Court decisions, *Elrod v. Burns*, 427 U.S. 347 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), and *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). As noted in Justice Stewart's concurrence in *Elrod*, the major issue is whether plaintiff was discharged from a job she was satisfactorily performing *solely* because of her political activities:

> The single, substantive question involved in this case is whether a nonpolicy making, nonconfidential government employee can be discharged or threatened with discharge from a job that he is satisfactorily performing upon the sole ground of his political beliefs. I agree with the plurality that he cannot. See *Perry v. Sindermann*, 408 U.S. 593, 597, 598, 92 S.Ct. 2694, 2697, 2698, 33 L.Ed.2d 570. *Elrod v. Burns*, 427 U.S. at 375, 96 S.Ct. 2690.

■ The burden was on plaintiff to show that she was discharged solely because of her political activities in the fall of 1978. *Illinois State Employees Union, Council 34, American Federation of State, County and Municipal Employees, AFL–CIO v. Lewis*, 473 F.2d 561, 579 (7th Cir. 1972), *cert. den.*, 410 U.S. 928, 93 S.Ct. 1364, 35 L.Ed.2d 590 (1973), "the employee must demonstrate by the clear and convincing weight of the evidence that his dismissal resulted solely because of his political associations". In the this case, plaintiff has failed to meet her burden.

■ The only evidence in the record that would even give an inference that plaintiff's political activities in the fall of 1979 were in some way connected with her discharge or failure to be rehired in 1979 were two statements allegedly made by Arthur Borrelli to plaintiff, Helen Sands, that if she supported Alvin Werner in the fall election of 1978 that she would lose her job. Arthur Borrelli, who is no longer a Starke County Commissioner, denied that he ever made those statements to plaintiff. Plaintiff offered no evidence whatsoever, to link either of the two remaining Commissioners, Woodrow Stephens or Robert Ferch, to having voted not to rehire plaintiff in 1979 due to her political activities in 1978. The burden was on the plaintiff to show that the defendants, Starke County Commissioners, discharged plaintiff, or failed to rehire her in January 1979, *solely* due to her political activities in the fall of 1978. There is, however, no evidence either Commissioner Stephens or Commissioner Ferch took any action against plaintiff because of her political activities in the fall of 1978.

Defendants, Starke County Commissioners act as a Board of Commissioners. At least two Commissioners are necessary to constitute a quorum, and at least two Commissioners are required before the board is competent to do business. Indiana Code 17–1–14–1, recodified as Indiana Code 36–2–4–3. Plaintiff's allegations concerning retaliation taken against her for supporting a candidate in the fall election of 1978 went to just one of the commissioners, and there was no evidence against either of the other two commissioners in this regard. Clearly, plaintiff failed to meet her burden that the defendants, Starke County Board of Commissioners, acting in concert, and solely because of her political activity, voted to discharge her or not to rehire her in 1979. Plaintiff's burden is to show that those political activities were the "sole" basis for her discharge.

The burden on plaintiff is to show more than her exercise of her political rights in the fall of 1978 was a factor in her discharge. The burden on her was to show it was the sole basis for her discharge.

A political firing violates the interdiction of the First Amendment only when the employing authority dismisses an employee *"solely for political reasons"*. *Branti v. Finkel*, 445 U.S. at 530, 100 S.Ct. at 1301; *Elrod v. Burns*, 427 U.S. 350, 96 S.Ct. 2678. In other words, an independent justification coupled with a constitutionally flawed reason will not taint the

Secretary's decision to terminate plaintiff's employment. *Farkas v. Thornburgh*, 493 F.Supp. 1168 at 1174. (Emphasis in original.)

As noted in *Farkas*, even assuming that the firing authority harbored a political animus against the employee, where the primary impetus for discharge lacks an impermissible motivation, a possibly illegitimate motive incident thereto will not vitiate the otherwise legal conduct. *Id.*

There was substantial evidence that plaintiff was not satisfactorily performing her job as highway department secretary. Suppliers' bills were not presented to the Commissioners for payment on time, bills and invoices went unopened, and suppliers threatened to eliminate credit to the County since their bills were not being paid, all due to plaintiff's failure to present the bills to the County Commissioners. Plaintiff's ledgers were not maintained up to date and a number of the ledger sheets had no entries on them whatsoever, or only had the initial entry that was made in January of 1978. Plaintiff failed to attend to her office when required, took extended lunch hours, left her office early, and often times was not available to meet the public to answer their inquiries, or even answer her telephone. Without obtaining permission from her supervisor or the County Commissioners, plaintiff took it upon herself to stop filing the monthly motor fuel tax reports each month when required, and went for a thirteen month period without filing a report. Her last report covered that thirteen month period and she did not file a report for the last five months of 1978. Nor did plaintiff notify anyone when she left her job that the reports had not been filed. As a result of plaintiff's failure to file the reports, the County was assessed and billed over $1800.00 in past due fuel tax and interest.

Not only has plaintiff failed to meet her burden to prove that she was discharged or not rehired in January 1979, solely due to her political association in 1978, but on the contrary, the evidence clearly shows that plaintiff performed her job as highway de-

partment secretary very poorly, and that the failure to rehire her in January 1979 was justified. Although the County did not even need a reason not to rehire the plaintiff, they had more than sufficient cause to remove plaintiff. As noted in *Wren v. Jones*, 635 F.2d 1277, 1286 (7th Cir. 1980), the crucial burden is on the plaintiff to show that her constitutionally protected conduct was the motivating factor in the discharge or failure to rehire. And even assuming for the sake of argument that it was "the motivating factor", defendant, Starke County has shown by a preponderance of the evidence that it would have reached the same decision notwithstanding whether plaintiff had supported Alvin Werner or any other candidate in the fall election of 1978. Plaintiff has not shown that she would not have been discharged "but for" her constitutionally protected activity. Since plaintiff did not meet that burden, her cause must fail, and defendants, Board of Commissioners of Starke County, Indiana are entitled to judgment. *Id.*